UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYBURN L. WILLIAMS, JR.,

      Petitioner,

v.                                                                                  Case No. 6:11-cv-1365-Orl-36DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 21).

Petitioner alleges two claims for relief in his habeas petition. For the following reasons, the petition is denied.

### I.     *Procedural History*

Petitioner was charged by amended information with two counts of sexual battery with a deadly weapon or physical force (counts one and two), kidnapping with intent to inflict bodily harm or terrorize (count three), aggravated battery with a deadly weapon causing great bodily harm (count four), and burglary of a dwelling with an assault or battery (count five). A trial was conducted, and the jury found Petitioner guilty of the

lesser included offense of aggravated assault with respect to count one and guilty as charged of counts two through five. The trial court sentenced Petitioner to a five-year term of imprisonment for count one, to life in prison for counts two, three, and five, and to a fifteen-year term of imprisonment for count four.

Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed the convictions and terms of imprisonment but struck the habitual violent felony offender designation to Petitioner's sentences. The trial court conducted a second sentencing hearing and imposed the same sentences with the exception of the habitual violent felony offender designation.

Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner filed a petition for belated appeal from his resentencing, which was granted. The Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and a motion to supplement. The state court summarily denied the motions. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

II. **Legal Standards**

   A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of

3

the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claim One

Petitioner asserts that the trial court violated his constitutional rights by refusing to give a permissive lesser included jury instruction on assault as to the kidnapping charge. Petitioner raised this claim on direct appeal. The Fifth District Court of Appeal denied relief.

In *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Supreme Court of the United States held in a capital case that "due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." The Supreme Court, however, has not addressed "'whether the Due Process Clause would require the giving of such instructions in a noncapital case.'" *Sabillo v. Sec'y, Dep't of Corr.*, 355 F. App'x 346, 349 (11th Cir. 2009) (quoting *Beck v. Alabama*, 447 U.S. 625, 630 (1980)). Thus, the Eleventh Circuit has recognized that a trial court's refusal to give a lesser included instruction in a

non-capital case is neither contrary to, nor an unreasonable application of, federal precedent. *Id.* (holding state court's decision that the petitioner was not entitled to an instruction on a lesser included offense did not warrant federal habeas relief).

Petitioner has failed to establish that the state court's failure to give an instruction on the permissive lesser included offense of assault as to the kidnapping charge is either contrary to, or an unreasonable application, of Supreme Court precedent. Moreover, the evidence concerning the kidnapping charge included extensive testimony that Petitioner held his wife against her will for hours during which he terrorized her by raping her and beating her. "[C]onstitutional error is harmless unless there is 'actual prejudice,' meaning that the error had a 'substantial and injurious effect or influence' on the jury's verdict." *Mansfield v. Sec'y, Dep't of Corr.*, 679 F.3d 1301, 1307 (11th Cir. 2012) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The jury was instructed on the lesser included offense of false imprisonment as to the kidnapping charge but nevertheless found Petitioner guilty of kidnapping. In light of the evidence and the jury's failure to find Petitioner guilty of false imprisonment, Petitioner has not shown that the trial court's failure to give a lesser included offense instruction on assault had a substantial and injurious effect on the jury's verdict. Accordingly, claim one is denied pursuant to Section 2254(d).

**B.** *Claim Two*

Petitioner maintains that trial counsel rendered ineffective assistance by failing to object to the burglary instruction. Petitioner maintains that the trial court improperly

instructed the jury that he could be guilty of burglary by remaining in the home with the intent to commit a felony therein.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. BB.) The state court reasoned that Petitioner testified that he entered the victim's home with her permission. *Id.* The state court determined, therefore, that the "remaining in" language of the burglary instruction was applicable and counsel was not deficient for objecting to the instruction. *Id.*

The state court's denial of this claim is supported by the record. At trial, Petitioner's wife testified that Petitioner entered her home uninvited after which he threatened her, beat her, raped her, and held her against her will for several hours. In contrast, Petitioner testified that he entered the victim's home with her consent. Pursuant to Florida law, when evidence is presented that the entry into the dwelling was with permission, the "remaining in" language of the burglary instruction is properly given. *Saintelus v. State*, 935 So. 2d 51, 53 (Fla. 4th DCA 2006). Thus, in light of Petitioner's testimony, the "remaining in" language of the burglary instruction was applicable. Counsel, therefore, was not deficient for failing to object to the instruction nor was Petitioner prejudiced by counsel's failure to do so. Accordingly, claim two is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the

Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Rayburn L. Williams, Jr. is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close

this case.

      **DONE AND ORDERED** in Orlando, Florida, this 14th day of August, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 8/14
Counsel of Record
Rayburn L. Williams, Jr.